**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

| | |
|---|---|
| DR. PAMELA BARNES | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **CAUSE NUMBER:** |
| | ) |
| OAKLAND CITY UNIVERSITY, INC. | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.    This is an action brought by Plaintiff, Dr. Pamela Barnes ("Barnes," hereinafter), by counsel, against Defendant, Oakland City University, Inc. ("Defendant," hereinafter), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. *et. seq.* and Defamation under Indiana law.

### II. PARTIES

2.    Barnes, who at all relevant times to this action, performed her job duties and responsibilities for the Defendant within the geographical boundaries of the Southern District of Indiana.

3.    Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. § 2000e-5(f)(3).

5.    Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

1

6.      Barnes was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

7.      Jurisdiction is conferred on Barnes' state law claims pursuant to 28 U.S.C.§1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

8.      Barnes satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge Number: 470-2024-00321) with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on her sex and retaliation for engaging in a protected activity. Barnes received her Notice of Suit Rights on February 5, 2024, and timely files this action.

9.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

10.     Barnes, who identifies as Female, was hired by Defendant on February 1, 2022, as Dean of the School of Education.

11.     Throughout her employment with Defendant, Barnes met or exceeded Defendant's legitimate performance expectations.

12.     On or around March 22, 2022, Defendant unilaterally voided its Employment Agreements and informed Barnes she was now subject to "Evergreen Renewal Letters" and would be "continuously employed on an at-will basis."

13.     At all relevant times, Barnes was one of two female Deans. The other Dean positions were filled with male-identifying individuals.

14.     In the Fall of 2022, Jacob Kalb ("Kalb"), a Male identifying individual, filed a baseless complaint against Barnes, which caused Barnes to be called into a meeting with Clint Woolsey ("Woolsey"), Vice President, a Male identifying individual, Todd Wahl ("Wahl"), Chief Financial Officer, a Male identifying individual, and Dr. Cathy Robb ("Robb"), a Female identifying individual. A 10-day investigation into Kalb's complaint ensued, with education faculty members summoned to discuss Barnes' leadership.

15.     Ultimately, in a follow-up meeting, Barnes was cleared of any wrongdoing and was told she was "overwhelmingly" supported by the Defendant's Leadership and the School of Education faculty. During the same meeting, Wahl told Barnes that she needed to "show some vulnerability" to be successful in her position – a thinly veiled comment regarding her gender.

16.     On or around November 8, 2022, Barnes filed a complaint against Kalb, alleging differential treatment and discrimination due to her gender. Specifically, she stated that Kalb's complaint and subsequent actions were intended to cause a rift between Barnes and other faculty members. No investigation occurred, and Kalb did not receive any corrective actions as a consequence of the Complaint. In fact, Kalb was given a pay raise and moved to a different position for the Defendant.

17.     Around the same time as Kalb's complaint against Barnes, two similarly situated, male-identifying individuals had two formal human resources complaints filed against them.

        a.      Dr. Paul Bowdre ("Bowdre"), Associate Provost, had a formal complaint filed against him by a criminal justice faculty member who was upset after a verbal assault by Bowdre. The faculty member informed Robb of their complaint and filed a formal complaint through Human Resources. No investigation occurred, and Bowdre did not receive any corrective actions as a consequence of the Complaint.

b.      Dr. Justin Murphy ("Murphy"), Dean, had a formal complaint filed against him by Dr. Camy Davis ("Davis") for a Facebook post Murphy made. Davis went to Human Resources to file a Complaint against Murphy, and Robb brought the complaint to Murphy, instructing him to remove the Facebook Post. Murphy did so. No investigation occurred, and Murphy did not receive any corrective actions as a consequence of the Complaint.

18.     On or around April 21, 2023, two (2) additional baseless complaints were made against Barnes by and through machinations of Dr. J.C. Campbell ("Campbell"), VP of Enrollment Management and Chief Diversity Chair, a Male identifying individual. These complaints called Barnes "aggressive" and "unprofessional." – two reductive and gender-based terms weaponized to harm Barnes' career with Defendant.

19.     On or around April 30, 2023, Barnes went to her office to find her items packed up and cleaned out.

20.     On or around May 1, 2023, Barnes was called into a meeting with Wahl, Robb, and Stephanie Kirby ("Kirby"), Director of Human Resources, a female identifying individual. Barnes was told she was terminated by Robb, who handed her a termination letter and demanded that she read it int that moment. The termination letter called Barnes "aggressive," "disrespectful," and "unprofessional" and stated that Barnes had created a hostile work environment. This letter was reminiscent of Campbell's April 21, 2023, gender-based language against Barnes and riddled with false information. Specifically, the Defendant alleges that she engaged in misconduct. This letter is false and remains on her record to prevent Barnes from continuing her career in academia.

**V. CAUSES OF ACTION**

**COUNT I: VIOLATION OF TITLE VII– SEX DISCRIMINATION**

21.     Barnes hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22.     Barnes was discriminated against, subjected to different terms and conditions of her employment, and terminated based on her gender.

23.     Defendant's actions were willful, intentional, and done with reckless disregard for Barnes' civil rights as protected by Title VII of the Civil Rights Act of 1964.

24.     Barnes has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT II: VIOLATION OF TITLE VII – RETALIATION

25.     Barnes hereby incorporates by reference paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

26.     Barnes engaged in protected activity when she filed a complaint of disparate treatment based on her gender.

27.     Barnes was terminated as a result of engaging in a protected activity.

28.     The defendant's actions were willful, intentional, and done with reckless disregard for Barnes's civil rights as protected by Title VII of the Civil Rights Act of 1964.

29.     Barnes has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: DEFAMATION

30.     Barnes hereby incorporates by reference paragraphs one (1) through twenty-nine (29) of her Complaint as if the same were set forth at length herein.

31.     Defendant intentionally, with malice, communicated and/or published untrue, defamatory statements alleging misconduct in Barnes' profession with the specific intention of causing her harm.

32.     The defamatory statement impugned Barnes' reputation by claiming that she engaged in misconduct and otherwise impugned her reputation as a professional and, therefore, constitute defamation.

33.     Barnes has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Dr. Pamela Barnes, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstate Barnes' employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions and/or payments to Barnes of front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.      Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Compensatory damages for Defendant's violations of Title VII;

5.     Punitive damages for Defendant's violations of Title VII;

6.     All costs and attorney's fees incurred as a result of bringing this action;

7.     Pre- and post-judgement interest on all sums recoverable; and

8.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

*/s/ Kyle F. Biesecker*
Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424.1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Counsel for Plaintiff, Dr. Pamela Barnes*


## DEMAND FOR JURY TRIAL

Plaintiff, Dr. Pamela Barnes, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

*/s/ Kyle F. Biesecker*
Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424.1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Counsel for Plaintiff, Dr. Pamela Barnes*